10782.   DEVOE *v.* BEST MOTOR COMPANY.

STEPHENS, J. 1. Where a defendant maintained a gas tank with a patent pump attached thereto, operated by electricity controlled by a switch attached to the tank, which, when cut off while the pump was "pulling" and the batteries running, emitted an electric spark, and where the pump could as easily have been operated with the switch located elsewhere and some distance from the pump and the tank, and where gasoline, with the defendant's knowledge, had escaped and covered the pump and the surrounding ground and also saturated the clothes of a bystander, who was a minor employee of the defendant, the question of defendant's negligence in maintaining the switch so located and in shutting off the electric current by means of the switch under such circumstances, thus generating an electric spark which set fire to the escaped gasoline and the saturated clothes of the deceased, causing the latter to sustain burns from which he died, was one for the jury.

2. Where the relation of master and servant existed between the defendant and the deceased, it was, under the above-stated facts, a question for the jury whether or not the defendant, who was the master, ought to have

known of the alleged defect in the location and construction of the switch and the danger incident thereto.

3. It can not as a matter of law be held that the deceased, who was a minor 15 years of age and employed by the defendant generally about his place of business, had equal means with the master of knowing the danger of igniting the escaped gasoline upon shutting off the switch under such circumstances, or by the exercise of ordinary care could have known of such danger.

4. Although the gasoline may have escaped through the negligence of the deceased in improperly operating the pump, the question of proximate cause was one for the jury.

5. The evidence otherwise making a prima facie case for the plaintiff, who was the father of the deceased, suing for the homicide of his minor son, the judge erred in granting a nonsuit.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*
Decided May 5, 1920.

Action for damages; from city court of Floyd county — Judge Nunnally.    June 5, 1919.

*Harris & Harris,* for plaintiff.

*J. P. Jones, E. V. Carter,* for defendant.